# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand eighteen.

Present:
> **ROBERT D. SACK,**
> **PETER W. HALL,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges*.

---

TU YING CHEN,

> *Plaintiff-Appellant,*

v.                                                              No. 17-1114-cv

SUFFOLK COUNTY COMMUNITY COLLEGE AND
COUNTY OF SUFFOLK, NEW YORK,

> *Defendants-Appellees.*

---

| | |
|---|---|
| Appearing for *Plaintiff-Appellant*: | THOMAS RICOTTA, Ricotta & Marks, P.C., Long Island City, N.Y. |
| Appearing for *Defendant-Appellees*: | DREW W. SCHIRMER, Assistant Suffolk County Attorney, *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, N.Y. |

---

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Tu Ying Chen ("Plaintiff") brought discrimination and retaliation claims against Defendants-Appellees Suffolk County Community College and County of Suffolk, New York (collectively "Defendants"), under the Age Discrimination and Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–e17 ("Title VII"). On appeal, Plaintiff claims the district court erred in its decision to grant Defendants' motion for summary judgment by construing the facts in a light most favorable to the movant. We assume the parties' familiarity with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal.

## I.    Standard of Review

We review *de novo* a district court's grant of summary judgment, construing the facts, resolving all ambiguities, and drawing all reasonable factual inferences, in the light most favorable to the non-moving party. *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017); *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74 (2d Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Walsh*, 828 F.3d at 74. A genuine dispute of material fact exists where the evidence is such that a reasonable jury could decide in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (requiring more than "the mere existence of a scintilla of evidence in support of the plaintiff's position"). When a plaintiff alleges discrimination or retaliation under the ADEA and Title VII,

2

courts employ the familiar, three-step "burden-shifting" framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973)—requiring the plaintiff to bear the initial burden of establishing a *prima facie* case; if the plaintiff does so, the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for taking the adverse employment action; with the final burden shifting back to the plaintiff to demonstrate that the defendant's legitimate reasons were, in fact, pretextual. *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 128-29 (2d Cir. 2012) (applying *McDonnell Douglas* to discrimination and retaliation claims under both ADEA and Title VII).

## II.     Plaintiff's Discrimination Claim

Plaintiff argues that the district court erred when it found that no genuine dispute of material fact existed as to whether Defendants' actions were discriminatory based on age, gender, or national origin. Plaintiff's arguments are unpersuasive.

At *McDonnell Douglas* step one, the district court assumed without deciding that Plaintiff met her burden of establishing a prima facie case; we do the same.

At *McDonnell Douglas* step two, Defendants met their burden to provide legitimate, non-discriminatory reasons for Plaintiff's suspension. *See United States v. Brennan*, 650 F.3d 65, 93 (2d Cir. 2011). The heart of the matter here is a 2010 employment Stipulation, negotiated between and signed by the parties, that provided Plaintiff a means to retain her job after previous misconduct. Under the Stipulation, both parties agreed that violations—including failure to enter leave reports on time—would result in Plaintiff's suspension or termination. Here, Defendants showed: (1) Plaintiff failed to comply with Defendants' established rules and procedures, including the Stipulation; and (2) Plaintiff failed timely to submit leave reports allocating personal or sick leave for her unauthorized absences. In providing these reasons for suspending Plaintiff without

3

pay for 30 days, Defendants have met their burden to show a legitimate, non-discriminatory reason for their actions. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 446 (2d Cir. 1999).

At *McDonnell Douglas* step three, Plaintiff's discrimination claim fails. Plaintiff did not demonstrate that Defendants' reasons for suspension were false or were otherwise a pretext for discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993); *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir. 2004). On appeal, Plaintiff argues that summary judgment was improper and that there were three "genuine issues of material fact to be resolved by a jury." *See* Appellant's Br., p. 21.

First, Plaintiff argues that Defendants made comments implying the Defendants were discriminating against her based on her age. She bases this argument on language from the Physical Sciences Department Chair's depositions and 2010 emails that were entered into evidence. Scrutinized in context, however, none of these comments would indicate to a reasonable jury a discriminatory animus towards Plaintiff. *See Gallo v. Prudential Residential Servs., Ltd.*, 22 F.3d 1219, 1224–25 (2d Cir. 1994).

Second, Plaintiff argues she did not know that she violated Defendants' directives. Even accepting that as true, at issue before the Court is not *Plaintiff's* reasons for violating directives but *Defendants'* reasons for suspending Plaintiff. Under the Stipulation, Plaintiff's failure to teach the classes or account for her otherwise unauthorized absences provided Defendants sufficient reasons to suspend her. Defendants, therefore, have provided a legitimate, non-discriminatory reason for Plaintiff's suspension, *McDonnell Douglas*, 411 U.S. at 802–03, which is undisturbed by Plaintiff's assertion she was ignorant of the directives. Contrary to Plaintiff's argument, no evidence exists of discriminatory pretext in Defendants' disciplinary decision.

Plaintiff also claims that pretext is demonstrated through alleged procedural irregularities in Defendants' class rescheduling and disciplinary processes. Nothing material in the record

indicates an irregular practice to reschedule Plaintiff's classes that implies discrimination. Likewise, the evidence does not support Plaintiff's claim that Defendants improperly administered discipline under the Stipulation. Even if Defendants deviated procedurally in some way, none of those deviations reasonably affected their decision or raise the specter of a discriminatory pretext. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 45 (2d Cir. 2000).

Considering the record as a whole, and construing the facts in the light most favorable to the Plaintiff, we agree with the district court that no reasonable juror would be able to find Defendants' suspension of Plaintiff discriminatory. *Walsh*, 828 F.3d at 74.

## III.     Plaintiff's Retaliation and 42 U.S.C. § 1983 Claim

Plaintiff makes a passing reference to two additional, undeveloped arguments. First, Plaintiff briefly mentions 42 U.S.C. § 1983 for the first time at the end of her Appellant brief. Because she neglects to advance any § 1983 argument, Plaintiff forfeits this claim on appeal. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Second, concerning Plaintiff's retaliation claim, she has merely incorporated the argument made in the district court by reference, which is insufficient to raise it on appeal. *Id.* Even if we were to consider the retaliation claim evidence, we note that Plaintiff has not offered any reason to challenge Defendants' legitimate, non-retaliatory reasons for their actions. *Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010).

## IV.     Conclusion

We have considered Plaintiff's remaining arguments and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5